CR 13-0?9 (EGS)



U.S. Department of Justice

Ronald C. Machen Jr.
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St , N W*
*Washington, D C  20530*

March 5, 2013

Barbara Van Gelder, Esquire
Mary Kim, Esquire
Dickstein Shapiro LLP
1825 Eye Street, N.W.
Washington, DC  20006-5403

# FILED

## APR 1 1 2013

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Re:    Nova Datacom, LLC

Dear Counsel:

This letter sets forth the full and complete plea offer to Nova Datacom, LLC ("Nova Datacom"), from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). If Nova Datacom accepts the terms and conditions of this offer, please have an authorized representative of Nova Datacom execute this document in the space provided below.  Upon receipt of the executed document, this letter will become the Plea Agreement.  The terms of the offer are as follows:

## 1.    **Charges and Statutory Penalties**

Nova Datacom agrees to waive indictment and plead guilty to a four-count criminal Information charging one count of conspiracy, in violation of Title 18, United States Code, Section 371, and three counts of bribery of a public official, in violation of Title 18, United States Code, Section 201(b).

Nova Datacom understands that the maximum penalty that can be imposed on each charge is a fine of $500,000 or a fine of twice the pecuniary gain or loss pursuant to Title 18, United States Code, Section 3571(d), a $1600 special assessment, a probationary period of not less than one nor more than five years, an order of restitution, an order of forfeiture, and an obligation to pay any interest or penalties on fines or restitution not timely made.

Nothing in this Agreement provides any protection against prosecution of any present or former director, officer, employee, shareholder, agent, consultant, reference, contractor, or subcontractor of Nova Datacom for any violations.

## 2. Factual Stipulations

Nova Datacom agrees that the attached "Statement of the Offense" fairly and accurately describes Nova Datacom's actions and involvement in the offenses to which Nova Datacom is pleading guilty. It is anticipated that prior to or during the plea hearing, an authorized representative of Nova Datacom will adopt and sign the Statement of the Offense as a written proffer of evidence.

## 3. Sentencing Guidelines Stipulations

Nova Datacom understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2011) (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

### A. Offense Level under the Guidelines

Although not binding on the Court, the parties agree that the following Guideline Sections apply:

| | | |
|---|---|---|
| § 2C1.1(a)(2) | Base Offense Level | 12 |
| § 2C1.1(b)(1) | More than one bribe | 2 |
| § 2C1.1(b)(2) | More than $7,000,000 in payments | 20 |
| § 3C1.1 | Obstructing or Impeding the Administration of Justice | 2 |
| Total: | | 36 |

**Acceptance of Responsibility: 3-level reduction:** The Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a), provided that Nova Datacom clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through Nova Datacom's allocution, *adherence to every provision of this Agreement,* and subsequent conduct prior to the imposition of sentence. Furthermore, assuming Nova Datacom has accepted responsibility as described in the previous sentence, the Government agrees that an additional 1-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(b), because Nova Datacom has assisted authorities by providing timely notice of Nova Datacom's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the above, the applicable **Stipulated Guidelines Offense Level is 33.**

**B.** **Criminal History Category**

Based upon the information now available to this Office (including representations by the defense), Nova Datacom's **Criminal History Category is assumed to be I.**

**C.** **Fine**

The parties agree that the applicable fine range under the Guidelines is as follows:

| | | |
|---|---|---|
| 1. | Base Fine (8C2.4(d)) | $22,000,000.00 |
| 2. | Culpability Score | |
| | 8C2.5(a)(5) | 5 |
| | 8C2.5(b)(4) | 2 |
| | 8C2.5(e) | 3 |
| | 8C2.5(g)(3) | (1) |
| | Total Culpability Score: | 9 |
| 3. | Minimum and Maximum Multipliers (8C2.6) | 1.80 - 3.60 |

In accordance with the above, the applicable fine range is $39,600,000.00 - $79,200,000.00.

**D.** **Agreement as to Sentencing Allocution**

The parties further agree that a sentence within the applicable fine range, if determined in accordance with the parties' stipulations in this Plea Agreement, would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). However, the parties agree that either party may seek a sentence outside of the applicable fine range and may suggest that the Court consider a sentence outside of the applicable fine range based upon the factors to be considered in imposing sentence pursuant to Title 18, United States Code, Section 3553(a).

Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. §3E1.1, and/or imposition of an adjustment for obstruction of justice, *see* U.S.S.G. §3C1.1, regardless of any stipulation set forth above, should Nova Datacom move to withdraw Nova Datacom's guilty plea after it is entered, or should it be determined that Nova Datacom has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice, or (ii) engaged in additional criminal conduct after signing this Agreement.

**4.** **Cooperation**

Nova Datacom agrees to cooperate completely, candidly, and truthfully with this Office, and, as directed by this Office, with any federal, state, local, or foreign agency, regarding any matter about which Nova Datacom has knowledge. Specifically, Nova Datacom agrees that its cooperation shall include without limitation the following:

A.      Truthfully disclose all information that is not protected by a valid claim of attorney-client privilege or the work-product doctrine with respect to the activities of Nova Datacom and those of its present and former officers, employees, agents, consultants, contractors, and subcontractors, concerning all matters related to the activities described in the Statement of Offense and any payments, relationships, conduct, contracts and agreements about which Nova Datacom has knowledge or about which this Office may inquire. This obligation of truthful disclosure includes an obligation to provide this Office or its designees, upon request, any documents, records, or other tangible information relating to the investigation and any such payments, relationships, conduct and agreements. This obligation of truthful disclosure also includes an obligation to provide a federal governmental authority, upon request, any documents, records, or other tangible information relating to its investigation or agreements between Nova Datacom and the governmental authority.

B.      Upon request of this Office or its designees, Nova Datacom shall designate knowledgeable officers, employees, or agents to provide to this Office the information described in paragraph 4.A. above, on behalf of Nova Datacom to the extent they exist.

C.      Nova Datacom shall use its best efforts to make available its current and former officers, employees, or agents to provide information and/or testimony, as requested by this Office or its designees, including without limitation sworn testimony before a federal grand jury or in federal trials, as well as interviews. Cooperation under this paragraph will include identification of witnesses who, to Nova Datacom's knowledge, may have material information regarding the matters under investigation or any payments, relationships, conduct, contracts and agreements about which this Office may inquire. This Office understands that Nova Datacom can only use its best efforts with respect to an individual's cooperation and that it cannot dictate any particular individual's cooperation or availability. The failure of an individual to cooperate, alone, will not be deemed a violation of Nova Datacom's obligations under this Agreement.

D.      With respect to any information provided to this Office pursuant to this Agreement, Nova Datacom consents to any and all disclosures, consistent with applicable law and regulations, to other law enforcement and government authorities of such information as this Office, in its sole discretion, shall deem appropriate.

If Nova Datacom complies with all the terms of this Agreement, this Office will, upon request of Nova Datacom, advise any federal, state, local, or foreign agency of the nature and extent of any cooperation provided by Nova Datacom.

4

## 5. Government Concessions

In exchange for this guilty plea, the past and future cooperation of Nova Datacom described in paragraph 4 above, and the willingness of Nova Datacom to acknowledge responsibility for the conduct of its officers and employees as detailed in the attached Statement of Facts, the government agrees not to oppose a 3-level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b), provided that Nova Datacom continues to show its acceptance of responsibility by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the court in any proceeding arising from this matter; (c) complying with the other provisions of this Agreement; and (d) abiding by the conditions set by the Court. Also, subject to other paragraphs in this Agreement, this Office will not bring any additional criminal charges against Nova Datacom for the allegations outlined in the Information and Statement of Offense. This Agreement not to prosecute Nova Datacom does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. §16 and D.C. § 23-1331(4). It is understood that the United States has no evidence, as of the date of this Agreement, of any crimes of violence involving Nova Datacom.

## 6. Departure Committee

At the time of Nova Datacom's sentencing, the government will advise the sentencing judge and the United States Probation Office in the District of Columbia of the full nature, extent, and value of the cooperation provided by Nova Datacom to the government. In addition, before sentencing, the government will inform the Departure Committee of the United States Attorney's Office for the District of Columbia of the full nature, extent, and value of the cooperation provided by Nova Datacom to the government. If the Departure Committee determines that Nova Datacom has provided substantial assistance in the investigation or prosecution of another person or entity that has committed any offense, then the government will file a motion pursuant to § 5K1.1. Nova Datacom understands that the determination of whether it has provided "substantial assistance" is within the sole discretion of the government. Nova Datacom further understands that the failure of the government to file a "substantial assistance" departure motion is not a ground for it to move to withdraw its plea of guilty in this case.

## 7. Court Not Bound by the Plea Agreement

It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B), the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Stipulated Guidelines Offense Level, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Stipulated Guidelines Offense Level based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

**8.    Court Not Bound by the Non-Mandatory Sentencing Guidelines**

It is understood that the sentence to be imposed upon Nova Datacom is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Nova Datacom acknowledges that Nova Datacom's entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Stipulated Guidelines Offense Level. The Government cannot, and does not, make any promise or representation as to what sentence Nova Datacom will receive. Moreover, it is understood that Nova Datacom will have no right to withdraw Nova Datacom's plea of guilty should the Court impose a sentence outside the Stipulated Guidelines Offense Level.

**9.    Restitution**

A.    In addition to the other penalties provided by law, the Court may also order that your client make restitution under 18 U.S.C. § 3663A. Payments of restitution shall be made to the Clerk of the Court. Your client agrees that, within 10 days after it receives this plea agreement, it will submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. Your client promises that its financial statement and disclosures will be complete, accurate, and truthful.

B.    Your client expressly authorizes this Office to obtain a credit report on it in order to evaluate its ability to satisfy any financial obligations imposed by the Court or agreed to herein.

C.    Your client understands and agrees that the restitution or fines imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, your client understands that the schedule of payments is merely a minimum schedule of payments and will not be the only method, nor a limitation on the methods, available to the United States to enforce the criminal judgment.

D.    Your client certifies that it has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by the Agreement and/or that may be imposed upon it by the Court. In addition, your client promises that it will make no such transfers in the future until it has fulfilled the financial obligations under this Agreement.

E.    As part of Nova Datacom's cooperation in Paragraph 4 above, Nova Datacom agrees to provide to the presentence report writer the identification of each federal agency and a contact person at each such agency that had a contractual relationship with Nova Datacom from 2007 to the present to enable the presentence report writer to send notices of claims for restitution to each such agency.

## 10. Appeal and Venue Waiver

It is agreed (a) that Nova Datacom will not file a direct appeal of any sentence within or below the applicable fine range, if determined in accordance with the parties' stipulations in this Plea Agreement, and (b) that the Government will not appeal any sentence within or above the applicable fine range, if determined in accordance with the parties' stipulations in this Plea Agreement. It is further agreed that any sentence within the applicable fine range, if determined in accordance with the parties' stipulations in this Plea Agreement is reasonable. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Nova Datacom also knowingly and willingly waives its right, if any, to challenge its conviction or appeal the sentence based on venue.

## 11. Forfeiture

A. Nova Datacom agrees to the forfeiture set forth in the Forfeiture Allegation in the Criminal Information to which it is pleading guilty. Specifically, Nova Datacom agrees to the forfeiture of a money judgment in the amount of $6,884,948.16. Nova Datacom will be jointly and severally liable for this amount with Min Cho and Young N. Cho. Nova Datacom may also be jointly and severally liable for this amount with any other former or current principals of Nova Datacom who are convicted of an offense or offenses arising from the conduct described in the Statement of Offense. The government agrees to credit $4,784,948.16, which represents the value of property already forfeited by Min Cho and Young N. Cho, against satisfaction of the money judgment amount.

B. Nova Datacom agrees that the proffer of evidence supporting Nova Datacom's guilty plea is sufficient evidence to support this forfeiture. Nova Datacom agrees that the Court may enter a preliminary Consent Order of Forfeiture for this property at the time of its guilty plea or at any time before sentencing. Nova Datacom agrees that the Court will enter a Final Order Of Forfeiture for this property as part of its sentence.

C. Nova Datacom agrees that this plea agreement permits the government to satisfy the referenced money judgment through forfeiture of any of its assets, real or personal, regardless of whether a specific asset is identified in this plea agreement. Regarding any asset or property, Nova Datacom agrees to forfeiture of all interest in: (i) any property, real or personal, which constitutes or is derived from proceeds traceable to the violations to which it is pleading guilty; and (ii) any substitute assets for property otherwise subject to forfeiture. See 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C); and 21 U.S.C. § 853(p).

D. Nova Datacom agrees that the government may choose in its sole discretion how it wishes to accomplish forfeiture of the property whose forfeiture it has consented to in this plea agreement, whether by criminal or civil forfeiture, using judicial or non-judicial forfeiture processes. If the government chooses to effect the forfeiture provisions of this plea agreement through the criminal forfeiture process, Nova Datacom agrees to the entry of orders of forfeiture for

such property and waives the requirements of Federal Rule of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Nova Datacom understands that the forfeiture of assets is part of the sentence that may be imposed in this case, and it waives any failure by the Court to advise it of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time of its guilty plea.

E.    Nova Datacom agrees to take all necessary actions to identify all assets over which Nova Datacom exercises or exercised control, directly or indirectly, at any time since January 1, 2007, or in which Nova Datacom has or had during that time any financial interest. Nova Datacom will complete and provide to the undersigned Assistant United States Attorney a standard financial disclosure form, which has been provided to you with this plea agreement, no later than ten days after it receives this plea agreement. Nova Datacom agrees to take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by Nova Datacom. Nova Datacom agrees to provide and/or consent to the release of Nova Datacom's tax returns for the previous five years. Nova Datacom agrees to take all steps as requested by the Government to pass clear title to forfeitable interests or to property to the United States and to testify truthfully in any judicial forfeiture proceeding.

F.    Nova Datacom agrees to waive all constitutional and statutory challenges in any manner (including, but not limited to, direct appeal) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

G.    The United States Attorney's Office agrees to make a non-binding recommendation to the Asset Forfeiture and Money Laundering Section at the Department of Justice that any monies obtained from Nova Datacom through forfeiture be distributed to the victims of the offense in accordance with any restitution order entered in this case.

## 12.    **Breach of Agreement**

Nova Datacom understands and agrees that if, after entering this Plea Agreement, Nova Datacom fails specifically to perform or to fulfill completely each and every one of Nova Datacom's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, Nova Datacom will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) Nova Datacom will not have the right to withdraw the guilty plea; (c) Nova Datacom shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against Nova Datacom, directly and indirectly, in any criminal or civil proceeding, all statements made by Nova Datacom or its officers, directors, employees or agents and any of the information or materials provided by Nova Datacom, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or

8

after entry of this Agreement, including Nova Datacom's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Nova Datacom acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Nova Datacom knowingly and voluntarily waives the rights which arise under these rules.

Nova Datacom understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Nova Datacom further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Agreement shall be construed to permit Nova Datacom to commit perjury, to make false statements or declarations, to obstruct justice, or to protect Nova Datacom from prosecution for any crimes not included within this Agreement or committed by Nova Datacom after the execution of this Agreement. Nova Datacom understands and agrees that the Government reserves the right to prosecute Nova Datacom for any such offenses. Nova Datacom further understands that any perjury, false statements or declarations, or obstruction of justice relating to Nova Datacom's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, Nova Datacom will not be allowed to withdraw this guilty plea.

## 13. **Public Statements by Nova Datacom**

Nova Datacom expressly agrees that it shall not, through its present or future attorneys, board of directors, agents, officers or employees, agents or any other person authorized to speak for Nova Datacom, make any public statement, in litigation or otherwise, contradicting the acceptance of responsibility by Nova Datacom set forth above or the facts described in the Statement of Facts. Any such contradictory statement shall, subject to cure rights of Nova Datacom described below, constitute a breach of this Agreement and Nova Datacom thereafter shall be subject to prosecution as set forth in Paragraph 12 of this Agreement. The decision whether any public statement by any such person contradicting a fact contained in the Statement of Facts will be imputed to Nova Datacom for the purpose of determining whether it has breached this Agreement shall be at the sole discretion of this Office. If this Office determines that a public statement by any such person contradicts in whole or in part a statement contained in the Statement of Facts, this Office shall so notify Nova Datacom, and Nova Datacom may avoid a breach of this Agreement by publicly repudiating such statement(s) within five business days after notification. Notwithstanding the above and consistent with the obligations of Nova Datacom as set forth above, Nova Datacom shall be permitted to raise defenses and to assert affirmative claims in civil and regulatory proceedings related to the matters set forth in the Statement of Facts. This paragraph does not apply to any statement made by any present or former employee of Nova Datacom in the course of any criminal,

regulatory or civil case initiated against such individual, unless such individual is speaking on behalf of Nova Datacom.

### 14. Waiver of Statute of Limitations

It is further agreed that should the convictions following Nova Datacom's pleas of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against Nova Datacom, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### 15. Sale or Merger of Nova Datacom

Nova Datacom agrees that in the event that it sells, merges or transfers all or substantially all of its business operations as they exist as of the date of this Agreement, whether such sale is structured as a stock or asset sale, merger or transfer, it shall include in any contract for sale, merger or transfer a provision binding the purchaser, or any successor in interest thereto, to the obligations described in this Agreement.

### 16. Debarment

Your client understands that, upon sentencing, this Office will report Nova Datacom's conviction to the Department of Justice Assistance pursuant to 10 U.S.C. § 2408 for inclusion in the Defense Procurement Fraud Debarment Clearinghouse database and the System for Award Management of the General Services Administration. Your client understands that 10 U.S.C. § 2408 provides for a mandatory term of debarment of at least five years, which term may only be waived if the Secretary of Defense determines a waiver is in the interests of national security. Your client understands that it also may be subject to administrative action by other federal or state agencies, based upon the conviction resulting from this Plea Agreement and upon grounds other than 10 U.S.C. § 2408, and that this Plea Agreement in no way controls whatever action, if any, other agencies may take. Your client nevertheless affirms that it wants to plead guilty regardless of the debarment or administrative action consequences of its plea. Therefore, your client waives any and all challenges to its guilty plea and to its sentence based on the debarment or administrative action consequences of its plea, and agrees not to seek to withdraw its guilty plea, or to file a direct appeal or any kind of collateral attack challenging its guilty plea, conviction, or sentenced based on such consequences of its guilty plea. However, this Office agrees that, if requested, it will advise the appropriate officials of any governmental agency considering such administrative action of the fact, manner, and extent of any cooperation of your client as a matter for that agency to consider before determining what administrative action, if any, to take.

## 17.     Complete Agreement

No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Nova Datacom, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Nova Datacom further understands that this Agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Nova Datacom. This Agreement also excludes any natural persons.

If the foregoing terms and conditions are satisfactory, Nova Datacom may so indicate by having an authorized representative sign the Agreement in the space indicated below and returning the original to me once it has been signed by the authorized representative and by you or other defense counsel.

Sincerely yours,

Ronald C. Machen Jr.
UNITED STATES ATTORNEY

By:

Michael K. Atkinson
James E. Smith
Anthony Saler
Assistant United States Attorneys

11

## DIRECTOR'S CERTIFICATE

I have read this Plea Agreement and have discussed it with the attorneys for Nova Datacom, LLC ("Nova Datacom"), Barbara Van Gelder, Esquire and Mary Kim, Esquire. I fully understand this Agreement and voluntarily agree, on behalf of Nova Datacom to its terms. Before signing this Agreement, I consulted with the attorney(s) for Nova Datacom. The attorney(s) fully advised me of Nova Datacom's rights, of possible defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into this Agreement. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with this decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by Nova Datacom's attorney(s) in connection with this Plea Agreement and matters related to it. I certify that I am a director of Nova Datacom, and that I have been duly authorized by Nova Datacom to execute this Plea Agreement on behalf of Nova Datacom.

Date: ___4/11/13___          _____
                             Nova Datacom, LLC
                             By: Min Cho, President

## CERTIFICATE OF COUNSEL

I am counsel for Nova Datacom, LLC ("Nova Datacom"). In connection with such representation, I have examined relevant Nova Datacom documents, and have discussed this Agreement with the authorized representative of Nova Datacom. Based on my review of the foregoing materials and discussions, I am of the opinion that:

1. Min Cho is duly authorized to enter into this Agreement on behalf of Nova Datacom.

2. This Agreement has been duly and validly authorized, executed and delivered on behalf of Nova Datacom, and is a valid and binding obligation of Nova Datacom.

Further, I have carefully read each of the pages constituting this Plea Agreement with the authorized representative of Nova Datacom. I have fully advised the representative of Nova Datacom's rights, of possible defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into this Agreement. To my knowledge, Nova Datacom's decision to enter into this Agreement is an informed and voluntary one.

Date: 4. 11. 13

Barbara Van Gelder
Mary Kim
Attorneys for Nova Datacom, LLC